UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI, | No. 2:24-cv-01210-DAD-JDP (PC) |
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THIS ACTION |
| WILLIAM D. JOHNSON, | |
| Defendant. | (Doc. Nos. 8, 13, 14, 16) |

Plaintiff Branden Willie Iseli is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 28, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint be dismissed. (Doc. No. 8 at 3.) Specifically, the magistrate judge found that plaintiff's complaint fails to state a cognizable claim for relief pursuant to § 1983 because plaintiff was attempting to attack the validity of a criminal conviction. (*Id.* at 3.) The magistrate judge concluded that such claims must be brought, if at all, in a petition for habeas corpus, and that converting this action into one seeking federal habeas relief was inappropriate because plaintiff has already filed two habeas petitions attacking what appears to be

/////

1

1  the same criminal conviction.  (*Id.*) (citing *Iseli v. Lynch*, 2:24-cv-00821-DAD-JDP; *Iseli v.*
2  *Lynch*, 2:24-cv-01220-DJC-JDP).

3  　　　　　The pending findings and recommendations were served on the parties and contained
4  notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at
5  3.)  On October 10, 2024, plaintiff filed a notice on the docket asking for this court's help in
6  requesting authorization from the appropriate court to file successive habeas petitions.  (Doc. No.
7  11 at 1.)  On October 11, 2024, plaintiff filed a petition for writ of habeas corpus in this action.
8  (Doc. No. 12.)  That same day, plaintiff filed a request to convert the case to one for habeas
9  corpus and his objections to the pending findings and recommendations.  (Doc. No. 13.)  On
10 October 28, 2024, plaintiff filed another request to convert this civil rights action to one seeking
11 habeas relief, (Doc. No. 14), and another petition for writ of habeas corpus, (Doc. No. 15).  On
12 the same day, plaintiff filed a motion to proceed *in forma pauperis*.  (Doc. No. 16.)

13 　　　　　Plaintiff's objections seek to avoid dismissal by re-designating this case as one seeking
14 federal habeas relief.  (Doc. No. 13 at 1.)  Plaintiff provides no rebuttal to the magistrate judge's
15 reasons for declining to do so.  (*Id.*)  The court agrees with the magistrate judge's
16 recommendation that this case be dismissed.  (Doc. No. 8 at 3.)  "In cases where a prisoner's [§]
17 1983 complaint evinced a clear intention to state a habeas claim, [the Ninth Circuit has] said that
18 the district court should treat the complaint as a habeas petition."  *Trimble v. City of Santa Rosa*,
19 49 F.3d 583, 586 (9th Cir. 1995).  Alternatively, the district court may "state that the prisoner's
20 claims must be addressed in a habeas petition, and dismiss the 1983 claims without prejudice."
21 *Id.*; *see also id.* ("But if the district court were to convert a [§] 1983 case into a habeas petition
22 and dispose of it on the merits, the danger of addressing less than all of the prisoner's potential
23 habeas claims is present.  The simplest way to avoid this danger is to do as the district court did in
24 this case:  state that the prisoner's claims must be addressed in a habeas petition, and dismiss the
25 1983 claims without prejudice.").  The court finds the latter approach prudent here; were the court
26 to treat the complaint as a habeas petition, such a petition would be dismissed as successive and
27 unauthorized.  *See Iseli v. Lynch*, 2:24-cv-00821-DAD-JDP; *Iseli v. Lynch*, 2:24-cv-01220-DJC-
28 JDP; *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) ("Generally, a new petition is

'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on August 28, 2024 (Doc. No. 8) are adopted in full;

2. This action is dismissed without prejudice due to plaintiff's failure to state a cognizable claim upon which relief may be granted;

3. Plaintiff's requests to re-designate this action as a habeas corpus action (Doc. Nos. 13, 14) are denied;

4. Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 16) is denied as moot in light of this order; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 10, 2024**

                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE

---

[1] Here, in order to proceed with a second or successive petition for writ of habeas corpus plaintiff must first seek and obtain authorization from the Ninth Circuit Court of Appeals to do so.